UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELENA HUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0945-B |
| | § | |
| RIMON HAYOAS; CHARGER | § | |
| LOGISTICS USA, INC.; PEARL | § | |
| GROUP, INC.; ASHLEY ALFARO; and | § | |
| FABIOLA ALONSO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Rimon Hayoas and Charger Logistics USA, Inc. (collectively, the "Charger Defendants")'s 12(b)(1) Motion to Dismiss Improperly Joined Defendants (Doc. 26). For the reasons that follow, the Court **DENIES** the Motion and **REMANDS** this case to the 162nd District Court of Dallas County, Texas.

### I.

### BACKGROUND

This is a personal injury case arising out of two car accidents. Plaintiff Helena Huse was in a car accident with Hayoas, a Charger Logistics employee, that allegedly occurred on or around August 4, 2021. Doc. 14, Second Am. Compl., ¶ 12. On or around February 18, 2022, Huse was in a second car accident allegedly caused by Ashley Alfaro and Fabiola Alonso (collectively, the "Texas Defendants"). *Id.* at ¶¶ 13, 23. Huse filed a single lawsuit in Texas state court against the Charger Defendants and Texas Defendants on March 9, 2023, alleging that these separate car accidents indivisibly caused her injuries. Doc. 1-5, Original Pet., 4.

The Charger Defendants removed this case to federal court on May 1, 2023. Doc. 1, Notice Removal. The Charger Defendants asserted that the Court had diversity jurisdiction over Huse's claims against them. *Id.* at ¶ 1. According to the pleadings, Huse and the Texas Defendants are citizens of Texas. Doc. 14, Second Am. Compl., ¶¶ 2, 6–7. Rimon Hayoas is a citizen of Michigan, *Id.* at ¶ 3, while Charger Logistics is a citizen of Illinois and Indiana. Doc. 26, Mot., 3.

After removing this case to federal court, the Charger Defendants filed a 12(b)(1) Motion to Dismiss Huse's claims against the Texas Defendants—but not her claims against the Charger Defendants—for lack of subject matter jurisdiction. Doc. 26, Mot. Specifically, the Charger Defendants argue that that the Court lacks diversity jurisdiction over Huse's claims against the Texas Defendants because Huse and the Texas Defendants are all citizens of Texas. *Id.* at 6. However, the Charger Defendants maintain that the court has jurisdiction over the claims she asserted against them because the Texas Defendants were improperly joined in the suit. *Id.* The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quotations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id* (quotations omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1332(a). Federal district courts possess diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. *Id.* § 1332(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

That being said, a non-diverse party may be disregarded for the purpose of analyzing complete diversity if the non-diverse party was improperly joined. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) ("The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity") (citation omitted). The burden to establish improper joinder is on the removing party, and it "is a heavy one." *Id.* The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quotation omitted).

## III.

## ANALYSIS

The Court concludes that it lacks subject matter jurisdiction over this case because Huse and the Texas Defendants are citizens of Texas, which means this lawsuit lacks complete diversity unless the Charger Defendants establish the Texas Defendants were improperly joined. *See Cuevas*, 648 F.3d at 249. The Charger Defendants have failed to do so, and the Court remands the case to state court.

The Charger Defendants never argue that there was fraud in Huse's pleading of the jurisdictional facts or that Huse is unable to establish a cause of action against the Texas Defendants. *See generally*, Doc. 26, Mot. Instead, the Charger Defendants argue that the Court should find that the Texas Defendants were improperly joined because neither the Texas nor the Federal Rules of Civil Procedure allow Huse to join all the Defendants in a single suit. *Id.* at 6–7. While the Charger Defendants never refer to this doctrine by its name, the Court interprets this argument as attempting to invoke the "fraudulent misjoinder" doctrine. However, fraudulent misjoinder cannot be used to establish improper joinder in the Fifth Circuit.

A. *The Fifth Circuit Has Expressly Rejected Fraudulent Misjoinder*

Fraudulent misjoinder originates from the Eleventh Circuit and is the idea that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). When assessing whether there is complete diversity, a court applying the fraudulent misjoinder doctrine ignores viable claims against misjoined parties whose presence destroys diversity if the "attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id.* In other words, fraudulent misjoinder requires district courts to address whether parties were properly joined pursuant to the jurisdiction's rules for procedural joinder. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021).

The Charger Defendants assert:

> [T]he Fifth . . . Circuit[] ha[s] illuminated any ambiguity on the topic of whether misjoinder satisfies the improper or fraudulent joinder doctrine. Indeed, it is the binding opinion of the Fifth Circuit Court of Appeals that misjoinder of a defendant serves to be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action.

Doc. 31, Reply, ¶ 7.

The Charger Defendants are correct that the Fifth Circuit has "illuminated any ambiguity" on the topic of fraudulent misjoinder—unfortunately for them, the Fifth Circuit rejected it entirely. *See Williams*, 18 F.4th at 815 ("[W]e refuse the invitation to [adopt fraudulent misjoinder] now."). In *Williams*, the Fifth Circuit explained that fraudulent misjoinder is inconsistent with the principle that "*any* viable cause of action against a diversity-destroying party requires the entire case to be remanded." *Id.* (emphasis in original). Therefore, for the Court to have jurisdiction over the claims against the Charger Defendants, they need to show that the Texas Defendants were improperly joined under one of the two methods endorsed by the Fifth Circuit. *See Smallwood*, 385 F.3d at 573.

The Charger Defendants do not contest that there was fraud in the jurisdictional pleadings or that Huse does not have a viable claim against the Texas Defendants. *See* Doc. 26, Mot. Given that these are the *only* two ways to establish improper joinder in the Fifth Circuit, *Williams*, 18 F.4th at 815, the Texas Defendants were not improperly or fraudulently joined, and the Court cannot disregard their citizenship for the purposes of assessing complete diversity. *See Cuevas*, 648 F.3d at 249. Because Huse and the Texas Defendants are all citizens of Texas, the Court lacks jurisdiction over this lawsuit.

B. The Court Denies the Charger Defendants' Request to Sever

Alternatively, the Charger Defendants request that the Court sever Huse's claims against them from Huse's claims against the Texas Defendants. Doc. 26, Mot., 9–10. The Court lacks the power to do so because "federal court severance does not (and cannot) create jurisdiction that otherwise would not exist." *Williams*, 18 F.4th at 816. The Fifth Circuit further explained

that the state court where the proceedings originated is a better forum "to evaluate procedural questions regarding misjoinder" than federal court. *Williams*, 18 F.4th at 815. While the Charger Defendants may have compelling arguments against allowing Huse to join every defendant in the same lawsuit, the Charger Defendants should have raised those arguments in state court *before* removing this case to federal court. *See id.* at 817. Accordingly, the Court lacks the power to sever Huse's claims against the Charger Defendants and remands the entire case to state court.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Charger Defendants' 12(b)(1) Motion to Dismiss Improperly Joined Defendants (Doc. 26) and **REMANDS** this case to the 162nd District Court of Dallas County, Texas.

**SO ORDERED.**

**SIGNED: January 31, 2024.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE